PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court on a complaint of the Florida Bar and the report of the referee, which the Bar contests. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and approve in part and reject in part the referee’s recommendations.
The Florida Bar filed a formal complaint against Irvin Shupack for alleged fraudulent conduct in violation of Florida Bar Integration Rules, article XI, Rule 11.-02(3)(a) (conduct contrary to honesty, justice and good morals) and Rule 11.02(4) (property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose); and Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 7-102(A)(7) (counseling or assisting a client in conduct known to be illegal or fraudulent). Based on the testimony at the disciplinary hearing, the referee made the following findings of fact:
Joseph DiBlasio and Nicholas DiBlasio, owners of a parcel of real property located in Broward County entered into a Deposit Receipt Contract with Landmark Florida Title Corporation (Landmark) to sell the parcel. Before the closing on the sale Landmark assigned the contract to Kucan Investment Corporation (Kucan). Irvin Shupack represented Kucan in its dealings *1140 with the DiBlasios. Five days before Ku-can took title to the DiBlasios’ property, Kucan and Richard Abraham (who was, in effect, Kucan Investment Corporation) fraudulently executed and delivered a note and mortgage to third parties for the DiB-lasios’ property. Although Shupack knew of the existence of the Kucan mortgage, he did not affirmatively disclose this information to the DiBlasios or their attorney at the closing with Kucan, even though the DiBlasios believed they were receiving a purchase money first mortgage. Furthermore, Shupack was aware that neither the DiBlasios nor their attorney could learn of the existence of the Kucan mortgage because it had not been recorded. At the closing Shupack asked for the DiBlasios’ mortgage for the specific secret purpose of insuring that it would be recorded after the Kucan mortgage. Shupack then fraudulently recorded the Kucan mortgage before the DiBlasios’ mortgage. In furtherance of this fraudulent scheme, Shupack falsified the documentary stamps on the Diblas-ios’ warranty deed to establish an inflated purchase price. Kucan immediately defaulted on the DiBlasios’ mortgage and litigation ensued. The referee noted that the DiBlasios’ attorney was guilty of negligence for not fully examining the mortgage to discover the fine print language on the back of the mortgage, indicating his clients might be getting a second mortgage and that his negligence should mitigate the discipline against Shupack since Kucan’s scheme would have been discovered had the attorney properly represented the DiB-lasios.
After a hearing the referee recommended that Shupack be found guilty of violating all the allegations of misconduct with which he was charged except Rule 11.02(4) because Shupack recorded the DiB-lasios’ mortgage, albeit not in first position. The referee further recommended that Shupack be given a thirty day suspension from the practice of law with automatic reinstatement.
The Bar argues that the referee should have imposed a suspension of six months on Shupack because, in light of Shupack’s prior disciplinary history for similar misconduct, a harsher punishment is in order. The Florida Bar v. Shupack, 453 So.2d 404 (Fla.1984) (thirty day suspension imposed for violating Disciplinary Rule 1-102(A)(4)). Although we agree the prior history of a respondent should be considered when determining the appropriate punishment for present misconduct, we reject the Bar’s assertion that a six month suspension is in order in this case. The particular misconduct for which Shupack is being disciplined occurred in 1981, within three months of the misconduct for which he was disciplined in 1984. Further, according to the referee’s report, Shupack had only been in private practice for a few months prior to his difficulties and for the last five and one half years, Shupack has had no disciplinary problems. Nonetheless, the misconduct in which he engaged is a serious offense that we believe warrants stricter disciplinary action than that recommended by the referee. Therefore, we conclude that the appropriate discipline in this case is a ninety-one day suspension which carries with it the requirement that the respondent provide proof of rehabilitation after the suspension is served. Respondent is hereby given thirty days to close out his practice and is not to accept new clients during that period of time.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Irvin Shupack for costs in the amount of $1,690.46, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.